**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LESLIE URLAUB, MARK PELLEGRINI, and MARK FERRY, on behalf of themselves and all others similarly situated, <br>                         Plaintiffs, <br><br>         v. <br><br> CITGO PETROLEUM CORPORATION,  THE BENEFIT PLANS COMMITTEE, THE CITGO PETROLEUM CORPORATION SALARIED EMPLOYEES' PENSION PLAN, AND THE CITGO PETROLEUM CORPORATION HOURLY EMPLOYEES' PENSION PLAN , <br>                         Defendants. | Case No. 1:21-cv-04133 |

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, APPROVING PROCEDURE AND FORM OF NOTICE, AND SCHEDULING FINAL APROVAL HEARING**

This matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Motion").[1] Upon reviewing the proposed Settlement Agreement, the Preliminary Approval Motion papers, and the arguments of counsel, the Court hereby grants Plaintiffs' Preliminary Approval Motion and finds and orders as follows:

1.      The Court has subject matter jurisdiction over the Action.

2.      The Court preliminarily approves the Settlement Agreement in its entirety.

3.      The Court has conducted an initial evaluation of the Settlement under Federal Rule of Civil Procedure 23, and preliminarily finds that the Settlement is fair, reasonable, and adequate. Subject to further consideration at the Fairness Hearing, the Court will likely be able to grant

---

[1] Unless specifically defined herein, all capitalized terms have the meaning ascribed to them in Section I of the proposed Settlement Agreement.

final approval of Settlement Agreement based on the factors set forth in Rule 23(e)(2) and finally certify the Class for purposes of judgment. Accordingly, the Court determines that it is appropriate to provide notice of the Settlement to the Class.

4. On January 27, 2025 at 8:45 AM, by telephone, the Court will hold a Fairness Hearing to (1) review comments and/or objections regarding the Settlement and/or Class Counsel's request for Attorneys' Fees and Expenses and Class Representative Service Awards, (2) finally consider the fairness, reasonableness, and adequacy of the Settlement Agreement, (3) consider whether the Court should issue a Final Approval Order approving the Settlement Agreement, award any requested Attorneys' Fees and Expenses and Class Representative Service Awards, and dismiss this Action with prejudice, and (4) consider such other matters as the Court may deem appropriate. The call-in number for the hearing is: 650-479-3207, access code 2305-915-8729.

5. No later than fourteen (14) days prior to the Fairness Hearing, Plaintiffs shall file papers in support of final approval of the Settlement and in response to any written objections. Defendants may also file a response to any objections at that time.

6. No later than twenty-one (21) days prior to the deadline for Class Members to object to the Settlement, Class Counsel shall file a motion for approval of Attorneys' Fees and Expenses and Class Representative Service Awards.

7. The Court hereby approves the form and contents of the proposed Notice of Settlement, and finds that mailing copies of the Notice to Class Members by first class mail constitutes the best notice practicable under the circumstances and complies fully with the requirements of Federal Rule of Civil Procedure 23, the United States Constitution, due process, and applicable law. The Court finds that the proposed Notice constitutes due and sufficient notice

of the Settlement and the Fairness Hearing to all persons affected by or entitled to participate in the Settlement, and fairly and adequately:

a.      Summarizes the claims asserted;

b.      Describes the terms of the Settlement;

c.      Notifies the Class that Class Counsel will seek compensation for Attorneys' Fees and Expenses, and Class Representative Service Awards to the Plaintiffs;

d.      Gives notice to the Class of the time and place of the Fairness Hearing, and of Class Members' right to appear; and

e.      Describes how the recipients of the Notice may object to the Settlement, or any requested Attorneys' Fees and Expenses, or Class Representative Service Awards.

8.      Within fourteen (14) days of entry of this Preliminary Approval Order, Defendants shall mail or cause to be mailed the Notices of Settlement to Class Members via first class mail to the address of each Class Member that is maintained by the recordkeeper for the Plans.  In the event that a Notice is returned as undeliverable, Defendants will use commercially reasonable means to find a current address and re-send the Notice.  All costs associated with providing such Notice to the Class of the Settlement shall be borne by Defendants.  On or before the date that Plaintiffs file their motion for final approval of the Settlement, Defendants shall file with the Court proof of transmission of the Notice.

9.      Any Class Member may comment on the Settlement and/or object to the Settlement or the proposed Attorneys' Fees and Expenses, or Class Representative Service Awards; provided, however, that all comments and objections shall only be considered by the Court at the

Fairness Hearing if they have been timely and properly filed and served. To be timely and proper, the comment and/or objection and any supporting documents must be filed with the Clerk of Court and served on Class Counsel and Defendants' Counsel no later than twenty-one (21) calendar days prior to the date of the Final Approval Hearing (or filed via ECF if the Class Member has retained separate counsel for purposes of the comment and/or objection). All objections from Class Members must include (1) the name and case number of the Action: *Urlaub v. Citgo Petroleum Corporation*, No. 1:21-cv-04133; (2) the Class Member's name, address, and telephone number, and indicate they are a class member; (3) the specific grounds for the objection, including any arguments, legal citations or support, and evidence supporting the objection (including copies of any documents relied upon); (4) a physical signature for the objecting Class Member; and (5) provide a statement indicating whether the objector intends to appear at the Final Approval Hearing. Any Class Member who fails to object in the manner prescribed herein shall be deemed to have waived such Class Member's objections and forever be barred from making any such objections in this Action or in any other action or proceeding. If a Class Member hires an attorney to represent them (at their own cost and expense), the attorney must file a notice of appearance with the Clerk of Court no later than twenty-one (21) days prior to the Final Approval Hearing.

10.     A Class Member who objects to the Settlement need not appear at the Final Approval Hearing for the Class Member's comment to be considered by the Court.

11.     Each Class Member and their heirs, beneficiaries, Alternate Payees, fiduciaries, trustees, executors, administrators, estates, past and present partners, agents, attorneys, predecessors, successors, participants and assigns, as well as each of the Plans, is preliminarily barred and enjoined from the institution or prosecution of any of the Released Claims against any

of the Released Parties pending final approval of the Settlement.

12.     The trial date set for November 4, 2024 is vacated. All other litigation deadlines and trial and pre-trial proceedings in this Action (other than those set forth in this order in connection with the Settlement) are stayed until further notice.

13.     Neither this Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

14.     In the event that the Settlement Agreement is terminated pursuant to its terms or is not finally approved by the Court, or such approval is reversed, vacated, or modified by this or any other Court, then the Parties and Class Members will be restored to their respective positions immediately before the execution of the Settlement Agreement; this Action shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered; any order entered by the Court pursuant to the terms of the Settlement Agreement shall be treated as vacated; the fact of the Settlement Agreement and the terms contained therein shall not be admissible in any proceeding for any purpose; and the Parties shall reserve all claims, remedies, defenses, arguments, and motions as to all claims and requests for relief that might have been or might be later asserted in the Action.

15.     The Court reserves the right to reschedule or adjourn the date of the Fairness Hearing by entering an order on the Court's ECF docket without further notice to the members of the Class.

16.     The Court and retains jurisdiction to consider all further matters arising out of or connected to the proposed Settlement.

**IT IS SO ORDERED** this 4th day of October, 2024.

_____

Hon. Matthew Kennelly
United States District Judge