# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LESLIE URLAUB, MARK PELLEGRINI, and MARK FERRY, on behalf of themselves and all others similarly situated,<br>          Plaintiffs,<br><br>v.<br><br>CITGO PETROLEUM CORPORATION, THE BENEFIT PLANS COMMITTEE, THE CITGO PETROLEUM CORPORATION SALARIED EMPLOYEES' PENSION PLAN, AND THE CITGO PETROLEUM CORPORATION HOURLY EMPLOYEES' PENSION PLAN,<br>          Defendants. | Case No. 1:21-cv-04133 |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

This matter came before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement ("Final Approval Motion").[1] The Court held a fairness hearing on January 27, 2025, after notice of the fairness hearing was given to the Class in accordance with this Court's Preliminary Approval Order (ECF 160). The Court has carefully considered Plaintiffs' motion papers and all relevant filings and comments submitted in connection with the Settlement Agreement and the fairness hearing, and hereby grants the Final Approval Motion.

In connection with the Final Approval Motion, the Court finds, orders, and adjudges as follows:

    1.    The Court has subject matter jurisdiction over the Action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

---

[1] Unless specifically defined herein, all capitalized terms have the meaning ascribed to them in the Settlement Agreement. The Settlement Agreement is docketed at ECF 158-3.

2. The Class set forth in the Settlement Agreement is consistent with the Class previously certified by the Court, *see* ECF 139, and the Class is hereby finally certified for purposes of judgment.

3. Notice of the Settlement was disseminated to members of the Class in accordance with the terms set forth in the Settlement Agreement and the Court's Preliminary Approval Order.

4. The form and method of notifying Class Members of the terms and conditions of the Settlement Agreement fully satisfied the requirements of Federal Rule of Civil Procedure 23, the United States Constitution, due process, and applicable law; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons entitled thereto of the claims asserted, the terms and conditions of the Settlement Agreement, the proposed attorneys' fees, expenses, and service awards to be paid to Class Counsel and the Class Representatives; and the right to object and appear at the fairness hearing. The Notice program provided individual notice to all members of the Class who could be identified through reasonable effort, and was supplemented by a settlement website and telephone support line.

5. The notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have also been satisfied.

6. There were no objections to the Settlement from any of the Parties, any members of the Class, or any other persons.

7. The Settlement Agreement was reviewed by an Independent Fiduciary, Fiduciary Counselors, Inc., which has approved the Settlement and the release of claims therein on behalf of the Plans.

8. The Settlement Agreement was entered into in good faith and represents a fair, reasonable, and adequate settlement that is in the best interests of the Class Members and satisfies

the conditions for approval under Rule 23(e)(2) and applicable case law. The Settlement Agreement is the product of arm's-length settlement negotiations between the Parties and their counsel, which were facilitated by an experienced mediator, following extensive discovery and motion practice. The consideration provided by the Settlement is fair, reasonable, and adequate in light of the claims asserted in the action and the risks, costs, and delay of continued litigation. Further, the Settlement Agreement treats all Class Members equitably, and provides for a fair and efficient method of distribution. Accordingly, the Settlement Agreement is hereby fully and finally approved in all respects, and the Parties and the Settlement Administrator are hereby directed to effectuate its terms.

9. The Court hereby dismisses with prejudice the Action and all of the Released Claims in the Action, whether asserted by Plaintiffs on their own behalf, on behalf of the Class, or derivatively on behalf of the Plans, without costs to any of the Parties except as provided for in the Settlement Agreement and approved by the Court.

10. Upon the Effective Date, Plaintiffs and each Class Member and their heirs, beneficiaries (including Associated Beneficiaries), Alternate Payees, fiduciaries, trustees, executors, administrators, estates, past and present partners, agents, attorneys, predecessors, successors, participants and assigns, as well as each of the Plans, shall (i) unconditionally, finally, and forever release, relinquish and discharge the Released Parties from the Released Claims as provided for in the Settlement Agreement; and (ii) be forever barred and enjoined from asserting, instituting, or prosecuting any of the Released Claims against any of the Released Parties pursuant to the terms of the Settlement Agreement.

11. Neither Plaintiffs, Defendants, nor their counsel shall be liable for any Claims that relate to the direction to calculate, the calculation of, and/or the method or manner of allocation

of the increased benefits to the Class or the Additional Monthly Payments in accordance with the terms of the Settlement Agreement; or that relate to the approval by the Independent Fiduciary of the Settlement Agreement unless asserted against the Independent Fiduciary alone.

12. Neither this Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be deemed or construed to be evidence, or an admission or concession by Defendants or the Released Parties, of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

13. The Settlement Agreement, including the exhibits hereto, all negotiations, discussions, drafts, and proceedings in connection with the Settlement, and any act performed or document signed in connection therewith:

    a. shall not be offered or received against Defendants or any other Released Parties as evidence of, or be deemed to be evidence of, any presumption, concession, or admission by any of the Defendants or the Released Parties with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any Claim that has been or could have been asserted in the Action, or of any liability, negligence, fault, or wrongdoing on the part of Defendants or the Released Parties;

    b. shall not be offered or received against Defendants or any other Released Parties as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the foregoing parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to

    effectuate the provisions of this Settlement Agreement; provided, however, that Defendants and the Released Parties may refer to this Settlement Agreement to effectuate the protection from liability granted to them hereunder;

  c. shall not be construed against Defendants or any other Released Parties as an admission or concession that the consideration provided hereunder represents what could be or would have been recovered after trial; and

  d. shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs or the other Class Members that any of their claims are without merit or that relief recoverable in the litigation of the Action would not have exceeded the consideration provided by this Settlement Agreement.

14. The Court retains continuing jurisdiction to consider any matters arising out of this Final Approval Order or the proposed Settlement, without affecting the finality of this Final Approval Order.

**IT IS SO ORDERED** this 27th day of January 2025.

_____
Hon. Matthew Kennelly
United States District Judge

5